UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

KYU DONG PARK and
WOO JUNG LEE,

Case No. 16-12468-t7

Debtors.

## MEMORANDUM OPINION

Claimant Kyu Yeol Park, the brother of debtor Kyu Dong Park,[1] filed a proof of claim in this case. The chapter 7 trustee objected to the claim and served the objection on Claimant at the address on the proof of claim. Claimant never responded to the objection, but Debtors did, purportedly on Claimant's behalf. Before the Court is the trustee's motion to strike Debtors' objection for lack of standing. The parties have requested a ruling without a final, evidentiary hearing. The Court holds that Debtors lack standing to respond to the claim objection and will strike the Debtors' response.

### I. FACTS

For the limited purpose of this motion, the Court finds:[2]

Debtors Kyu Dong Park and Woo Jung Lee filed for this chapter 7 case on September 30, 2016. On December 23, 2016, Claimant Kyu Yeol Park timely filed a proof of claim for an unsecured claim in the amount of $244,619.67. Claimant stated in his proof of claim that he had loaned Debtors $300,000 via two different wire transfers so the Debtors could open a liquor store.

---

[1] Because the potential creditor and one of the joint debtors share two names and are brothers, the Court will refer to Kyu Yeol Park as Claimant and Kyu Dong Park and Woo Jung Lee as Debtors.
[2] The Court took judicial notice of its docket. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may sua sponte take judicial notice of its docket); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir. 1999) (same).

Debtors had partially repaid Claimant, but he was claiming the balance of the loan. Claimant also included the receipts for the wire transfers, processed through the Korean Exchange Bank.

The chapter 7 trustee in the case (the "Trustee") objected to the proof of claim on May 3, 2019, and served the objection by mailing it to Claimant at his South Korean address listed on the proof of claim. Trustee's objection can be summarized as arguing that the Claimant failed to show that the funds were a loan rather than a gift, an equity investment, or a transfer of Debtors' own funds. The Trustee also points out that Debtors did not list Claimant as a creditor. Finally, the Trustee objects that Claimant did not attach a promissory note, payment history, or any other document that might evidence a loan. The merit of the objection is not currently at issue. To date, Claimant has not responded to Trustee's objection. However, the Debtors responded to the objection on June 6, 2019, arguing that the Trustee's objection should be denied.

The Trustee moved to strike the Debtors' response for lack of standing. Citing to *In re Quintero*, 513 B.R. 127 (Bankr. D.N.M. 2014), the Trustee argued that Debtors could only have standing if the estate were a surplus estate, which this estate clearly is not. Debtors responded to the motion to strike, arguing that it would be unfair to disallow a claim filed by a foreign creditor without reviewing the bona fides of the claim, and that they have a pecuniary interest in the claim because the Claimant is a relative and they may voluntarily pay the claim even if it is disallowed or discharged.

## II. DISCUSSION

A. Standing.

A creditor, a debtor, or a trustee has standing to file a proof of claim. 11 U.S.C. § 501(a), (c).[3] Proofs of claims are deemed allowed unless some party in interest objects. § 502(a). The

---

[3] All subsequent statutory references are to 11 U.S.C. unless otherwise noted.

trustee is a party in interest that can object to a proof of claim. § 704(a)(5). A debtor is rarely considered a party in interest, except in cases where there is a surplus estate and the debtor has a pecuniary interest. *Quintero*, 513 B.R. at 133; *see also Kapp v. Naturelle, Inc., (In re Kapp)*, 611 F.2d 703, 706–07 (8th Cir. 1979); *In re Kieffer-Mickes, Inc.*, 226 B.R. 204, 208–09 (8th Cir. BAP 1998); *McGuirl v. White*, 86 F.3d 1232, 1234 (D.C. Cir. 1996); *In re El San Juan Hotel*, 809 F.2d 151, 155 n.6 (1st Cir. 1987).

What is not addressed by the Bankruptcy Code is who can respond to a proof of claim objection. The Court discussed the issue in *Quintero*. Looking to the statutes that authorized the trustee to file and object to proofs of claims and considering the fact that the trustee had a pecuniary interest in the allowance of the claim, the Court held that the trustee could respond to a claim objection. 513 B.R. at 134. The ruling was based in part on the "well-settled role of the chapter 7 Trustee as a claims administrator." *Id.* It also was based on the undisputed fact that the trustee had a pecuniary interest in the outcome of the claim objection. 513 B.R. at 131, 134.

Here, in contrast, Debtors are not claims administrators (only the Trustee is), nor do they have a pecuniary interest in the outcome of the claim objection. While they attempt to assert a pecuniary interest because they feel a moral obligation to repay their relative, the Court finds that that is not the kind of interest that would give rise to standing. It is true that nothing prevents a debtor (or anyone else, for that matter) from voluntarily repaying a discharged debt. Having the right or feeling an obligation to pay a discharged debt does not, however, give a party standing to "weigh in" on a claim objection relating to the debt.

Debtors can file a proof of claim on a creditor's behalf, and (if the estate is solvent) object to claims, but they do not share with the Trustee the limited right to respond to claims objections.

The Court concludes that Debtors do not have standing to respond to the Trustee's objection to Claimant's proof of claim.

B. <u>Notice</u>.

Debtors also argue that the Trustee's single letter to Claimant in English did not fairly give the Claimant initial notice of the Trustee's objection due to the barriers of language and distance. Debtors do not cite to any statute or caselaw supporting their position. The Court finds that notice to the Claimant was sufficient under Bankruptcy Rule 3007(a).[4]

C. <u>Fairness and Due Process</u>.

The Court understands that the Claimant is Korean and may not be literate in English. The Court also appreciates that Claimant may (or may not) have a valid claim, despite the legitimate deficiencies pointed out by the Trustee in his claim objection. Finally, the Court concludes based on Debtors' filings in this matter that Debtors are family members of Claimant, almost certainly can get in touch with Claimant promptly, and could easily explain the claim objection process to Claimant and assist him in retaining counsel to represent him in this matter. The Court will give Claimant, as part of the order striking the Debtors' response to the claim objection, 30 days to respond to the claim objection, either pro se or through counsel. If no such response is timely filed by Claimant, the Court will enter an order sustaining the Trustee's objection to the claim.

III. <u>CONCLUSION</u>

---

[4] Amendments made to the Bankruptcy Rules in 2017 clarify that even though a claim objection initiates a contested matter, Rule 3007(a), and not Rule 7004, governs service and notice of claim objections that do not object to claims filed by the United States or by insured depository institutions. Rule 3007(a) permits service by mail, irrespective of the location of the recipient. The Court notes that mail service on an international recipient might be insufficient in situations where Rule 7004 applies. *See generally Water Splash, Inc. v. Menon*, 137 S. Ct. 1504 (2017).

While case trustees have the right in certain circumstances to respond to claim objections, debtors do not. Further, a party filing a proof of claim submits himself to the jurisdiction of the Court and agrees to service of notices and claim objections by mail under Bankruptcy Rule 3007(a). By a separate order, the Court will strike the Debtors' response to the Trustee's claim objection but will give Claimant 30 days to file his own response.

_____
Honorable David T. Thuma
United States Bankruptcy Judge

Entered: October 3, 2019

Copies to: electronic notice recipients

Kyu Yeol Park
425-406, 14, Samseong-Ro, Gangnam Gu
Seoul, Korea 06331